BEFORE THE SECOND DIVISION, MAY 26, 1954

**No. 58127.**—National Lead Co. *v.* United States, protest 194754–K (New York).

Opinion by LAWRENCE, J. At the trial, it was stipulated that the "non-ferrous metal is the component material of chief value of the merchandise imported, and that it is not an ore or concentrate" and "that the regulations of the Secretary of the Treasury under Section 2 of Public Law 869, Eighty-First Congress, requiring submission of proof of use in remanufacturing by melting, have been duly and timely complied with." The court found that the uncontroverted testimony of the plaintiff's three witnesses, who not only were familiar with the importation in controversy but also had wide experience in the field of metallurgy, unqualifiedly categorized the merchandise as scrap metal which has no value in the condition as imported but must be remanufactured by melting; that the so-called antimonial lead in ingot form is encompassed by the definition of the word "scrap" in section 1 (b) of Public Law 869, insofar as the material is secondhand and fit only to be remanufactured; and that it is also within the provision of section 2 of Public Law 869 as articles of which metal is the component material of chief value, imported to be used in remanufacture by melting. Accordingly, it was held unnecessary to decide which of the two provisions more aptly applies to the merchandise in controversy, inasmuch as freedom from duty is granted by law to merchandise which comes within the purview of either provision. Upon the record presented, it was held that the merchandise is entitled to free entry under Public Law 869, as claimed.